UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


DAVID VILLARUBIA                                CIVIL ACTION

VERSUS                                          NO. 08-1149

METROPOLITAN PROPERTY AND                       SECTION "F"
CASUALTY INSURANCE COMPANY


ORDER AND REASONS

Before the Court is the plaintiff motion to remand. For the reasons that follow, the motion is DENIED.


Background

The plaintiff filed this action in state court on August 22, 2007 and served the defendant, Metropolitan Property and Casualty Insurance Company, with a copy of the complaint on September 12, 2007. The plaintiff alleges that Metropolitan denied in bad faith his claim for Katrina-related insurance benefits, and he seeks relief under his homeowners policy, plus statutory penalties under

1

La. Rev. Stat. §§ 22:658 and 22:1220. Consistent with Louisiana law, the complaint does not state a claim for a specific amount of damages.

Metropolitan removed the case to this Court on February 27, 2008, invoking the Court's jurisdiction under 28 U.S.C. § 1332. Metropolitan submits that the notice of removal was timely, because it was filed within thirty days of Metropolitan's receiving a settlement demand for $235,481, from which it ascertained for the first time that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1446(b). The plaintiff moves to remand, contending that it was apparent from the face of the original complaint that the amount in controversy exceeded $75,000. In the alternative, the plaintiff argues that the removal clock started on December 5, 2007, when Metropolitan was informed via telephone that the plaintiff's covered losses were $87,000.

I.

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). In addition, any ambiguities are construed against removal. See Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

Under 28 U.S.C. § 1446(b), a defendant has thirty days from receipt of the initial pleading to remove in cases where the pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992). If the pleading is silent regarding damages the defendant may remove the case within thirty days of receiving notice through "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable ...." § 1446(b). In Chapman, the Fifth Circuit found that this rule served the interests of judicial economy in that it obviated the need to inquire into the subjective knowledge of the defendant. Id.

Here, the petition does not affirmatively reveal on its face that the damages sought exceeded the federal jurisdictional minimum. Nor did the information provided to the defendant over the telephone on December 5, 2007 constitute "an amended pleading, motion, order or other paper" that would trigger the removal clock.[1] Rather, the thirty day removal period began on February 25, 2008, when the defendant received the plaintiff's settlement demand. See Addo v. Glove Life & Accident Ins. Co., 230 F.3d 759,

---

[1] Metropolitan further points out that, even assuming the plaintiff informed Metropolitan his covered losses were $87,000 via telephone on December 5, 2007, that amount would be reduced by the $40,000 Metropolitan paid on his claim during the adjustment process, leaving only $47,000 in controversy.

3

760 (5th Cir. 2000). Metropolitan filed the notice of removal two days later, on February 27, 2008. Accordingly,

IT IS ORDERED: The plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, April 23, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE